CLOSED

# U.S. District Court
# Eastern District of California − Live System (Sacramento)
# CRIMINAL DOCKET FOR CASE #: 2:26−mj−00116−CKD−1

Case title: USA v. Dumarce

Date Filed: 07/30/2026

Other court case number: 1:26−MJ−00635−RPM US v. Dumarce

Date Terminated: 08/07/2026

1:26cr124HSO-BWR-1

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 20 2026
ARTHUR JOHNSTON
BY ________ DEPUTY

Assigned to: Magistrate Judge Carolyn K. Delaney

**Defendant (1)**

**Joseph Alfredo Vasquez Dumarce**
*TERMINATED: 08/07/2026*

represented by **Frederick Philip Cozens**
Philip Cozens, Attorney at Law
1007 Seventh St.
Suite 208
Sacramento, CA 95814
916−443−1504
Email: pcozens@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts** — **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts** — **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints** — **Disposition**

Rule 5(c)(3)

**Plaintiff**

**USA**

represented by **Zachary John Ray , GOVT**
DOJ−USAO
501 I Street, Suite 10−100
Sacramento, CA 95814
916−554−2957
Email: zachary.ray3@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 07/30/2026 | | RULE 5(c)(3) ARREST from Southern District of Mississippi. Case 1:26–MJ–00635–RPM as to Joseph Alfredo Vasquez Dumarce (1). (Deputy Clerk LMK) (Entered: 07/30/2026) |
| 07/30/2026 | 1 | MINUTES for INITIAL APPEARANCE in Rule 5(c)(3) proceedings, as to Joseph Alfredo Vasquez Dumarce, held on 7/30/2026 before Chief Magistrate Judge Carolyn K. Delaney. *F. Philip Cozens appointed for Defendant. Defendant advised rights and pending charges. Waived formal reading of the Southern District of Mississippi, Case No. 1:26–cr–0124 HSO–BWR, Indictment. The court instructed government counsel under Rule 5(f) to comply with its disclosure obligations under *Brady v. Maryland.* The Government moved for detention. Defense counsel requested an Identity and Detention Hearing. The court TEMPORARILY DETAINED the Defendant. Identity and Detention Hearing SET for 8/4/2026 at 2:00 PM in Courtroom 27 (SCR) before Magistrate Judge Sean C. Riordan. The court addressed the Prisoner Restraint Level and made the determination of Legs, Only. Government Counsel, Zachary Ray, present. Defense Counsel, F. Philip Cozens, present. Defendant, present, in custody. Court Reporter: ECRO (CN). (Text Only Entry) (Deputy Clerk LMK) *Modified on 7/31/2026 to correct appointment. (Entered: 07/31/2026) |
| 07/30/2026 | 2 | DUE PROCESS PROTECTIONS ACT ORDER signed on 7/30/2026 by Chief Magistrate Judge Carolyn K. Delaney. (Deputy Clerk LMK) (Entered: 07/31/2026) |
| 08/04/2026 | 3 | MINUTES (Text Only) for IDENTITY HEARING and scheduled DETENTION HEARING held before Magistrate Judge Sean C. Riordan on 8/4/2026. Defendant present, in custody. CJA counsel, Philip Cozens, previously appointed. The parties proceeded with an Identity Hearing. The government submitted Exhibits 1–3 to the Court and provided them to defense counsel. The government called witness, Special Agent K. Olsen. Witness sworn and testified on direct by the government. Cross examination from defense. Re–direct from the government. Witness excused. The Court ordered all three exhibits admitted. Further arguments heard. After consideration, the Court finds probable cause that Defendant is the person identified in this matter. The government's exhibits to be filed with the Court. As to the matter of detention, Defense requested to continue the detention hearing. No objections from the government. Detention Hearing CONTINUED to 8/6/2026 at 02:00 PM in Courtroom 27 (SCR) before Magistrate Judge Sean C. Riordan. Government Counsel: Zachary Ray present. Defense Counsel: Philip Cozens present. Custody Status: In Custody. Court Reporter: ECRO (CRN). (Deputy Clerk SH) (Entered: 08/04/2026) |
| 08/05/2026 | 4 | EXHIBITS 1–3 by USA as to Joseph Alfredo Vasquez Dumarce re 3 Identity Hearing. (Ray, Zachary) Modified on 8/6/2026 (JAW). (Entered: 08/05/2026) |
| 08/06/2026 | 5 | MINUTES (Text Only) for DETENTION HEARING as to Joseph Alfredo Vasquez Dumarce held before Magistrate Judge Sean C. Riordan on 8/6/2026. Defendant present, in custody. CJA counsel, Phil Cozens, previously appointed for Defendant. The government continued to move for detention. Defense submitted at this time. After the hearing, the Court ordered Defendant DETAINED, remanded to the custody of the USMS, and transported forthwith to the Southern District of Mississippi. Government Counsel: Zachary Ray present. Defense Counsel: Philip Cozens present. Custody Status: In Custody. Court Reporter: ECRO (CRN). (Deputy Clerk SH) (Entered: 08/06/2026) |
| 08/06/2026 | 6 | ORDER OF DETENTION PENDING TRIAL signed by Magistrate Judge Sean C. Riordan on 8/6/2026 as to Joseph Alfredo Vasquez Dumarce. (Deputy Clerk SH) (Entered: 08/06/2026) |
| 08/07/2026 | 7 | COMMITMENT to ANOTHER DISTRICT signed by Magistrate Judge Sean C. Riordan on 08/06/26 as to Joseph Alfredo Vasquez Dumarce. Defendant committed to District of Southern District of Mississippi. (Deputy Clerk VLC) (Entered: 08/07/2026) |
| 08/07/2026 | 8 | TRANSMITTAL of DOCUMENTS re 7 Commitment to Another District on *8/6/2026* to * Southern District of Mississippi* *2012 15th Street* * Suite 814* *Gulfport, MS 39501*.<br>*Electronic Documents: 1 to 7 * (Deputy Clerk VLC) (Entered: 08/07/2026) |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**USA ,**

Plaintiff,

v.

**JOSEPH ALFREDO VASQUEZ DUMARCE ,**

Defendant.

NO. **2:26–MJ–00116–CKD**

**DUE PROCESS PROTECTIONS ACT ORDER**

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900,913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

/////

/////

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

DATE: July 31, 2026

*/s/ Carolyn K. Delaney*
U.S. MAGISTRATE JUDGE

ERIC GRANT
United States Attorney
ZACHARY RAY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSEPH ALFREDO VASQUEZ DUMARCE,<br>Defendant. | CASE NO. 2:26-MJ-00116-CKD<br><br>GOVERNMENT'S EXHIBITS FOR IDENTITY HEARING |

On August 4, 2026 , Government admitted the attached exhibits at the Identity and Detention hearing in the above matter.

Dated: August 5, 2026

ERIC GRANT
United States Attorney

By: /s/ ZACHARY RAY
ZACHARY RAY
Assistant United States Attorney

# EXHIBIT 1

FEDERAL BUREAU OF INVESTIGATION

OFFICIAL RECORD
All signatures have been verified by a certified FBI information system.

Date of entry 08/03/2026

Pursuant to an arrest warrant issued in the Southern District of Mississippi, Special Agents (SA) of the Federal Bureau of Investigation (FBI) with the assistance of West Sacramento Police Department (WSPD) located and arrested JOSEPH DUMARCE at the Arthur F. Turner community Library, 1212 Merkley Ave., West Sacramento, California 95691.

On July 29, 2026 at approximately 4:55 PM, members of WSPD located DUMARCE sitting at a library computer. WSPD said DUMARCE identified himself when contacted by WSPD and he was escorted out of the library in handcuffs. SAs Alex Jernigan and Katey Olsen took custody of DUMARCE from WSPD at approximately 5:31 PM in the library parking lot. During the arrest, DUMARCE had a duffel bag and cell phone with him. WSPD provided DUMARCE's belongings to SA Olsen.

SA Jernigan conducted a search incident to arrest of DUMARCE's person. DUMARCE gave permission to SA Olsen to search his duffel bag. When asked if DUMARCE had any contraband or weapons in the bag, he admitted to having a THC pen and gave permission for SA Olsen to throw it away because it would not be allowed in the jail. SA Olsen located two additional cell phones in DUMARCE's duffel bag. These phones weree seized incident to arrest. Also located in the duffel bag was DUMARCE's California driver's license, license number Y9186113, issue date 04/03/2026, expiration date 02/17/2031.

SA Jernigan and SA Olsen transported DUMARCE from the library to the Sacramento County Main Jail, 651 I St., Sacramento, California. SA Olsen told DUMARCE that we would not ask him about his federal charges during transport or booking and any questions asked of him would be during the booking process. In response, DUMARCE made statements that he knew "what this was about" and that his words got him in trouble. DUMARCE also stated, "I hope they get justice for that boy."

SA Jernigan and SA Olsen began transport at 5:43 PM at the Arthur F. Turner Community Library with a beginning mileage of 40,803. SA Olsen took a direct route to the jail. The transport of DUMARCE ended at the Sacramento County Main Jail at 5:56 PM with an ending mileage of 40,805.

Investigation on 07/29/2026 at West Sacramento, California, United States (In Person)

File # 9E-JN-4270495 Date drafted 07/30/2026

by OLSEN KATEY, JERNIGAN ALEXANDER THOMAS

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

GOVERNMENT'S EXHIBIT
1
2:26-MJ-00116-CKD

While booking, SA Olsen was told that the jail could not take DUMARCE's duffel bag. DUMARCE gave SA Olsen permission to collect the bag and give it to DUMARCE's sister, Issabella DUMARCE, phone number 916-917-0116, who lived in West Sacramento, California.

DUMARCE's signed FBI FD-26 Consent to Search form for the search of his duffel bag and FD-597 Receipt for Property for the duffel bag and its contents are attached to this communication as a 1A package.

# EXHIBIT 2




GOVERNMENT'S EXHIBIT
2
2:26-MJ-00116-CKD

# EXHIBIT 3



GOVERNMENT'S
EXHIBIT
3
2:26-MJ-00116-CKD

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

United States of America
v.
Joseph Alfredo Vasquez Dumarce
*Defendant*

Case No. 2:26-mj-00116-CKD

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ **A.** Motion of the Government for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

☒ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**

☐ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(1)** a serious risk that the defendant will flee if released; **or**

☐ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

**Part II - Findings of Fact and Law as to Presumptions under § 3142(e)**

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence that involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Application of Any Presumption Established Above**

☐ The defendant has not rebutted the presumption.

**OR**

☐ The defendant has rebutted the presumption.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

☒ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
☐ Weight of evidence against the defendant is strong.
☐ Subject to lengthy period of incarceration if convicted.
☐ Lack of significant family or other ties to the community.
☐ Significant family or other ties outside the United States.
☐ Lack of legal status in the United States.
☐ Subject to removal or deportation after serving any period of incarceration.
☒ Lack of stable residence.
☐ Lack of stable employment.
☐ Lack of financially responsible sureties.
☐ Prior attempt(s) to evade law enforcement.
☐ Use of alias(es) or false documents.
☐ History of alcohol or substance abuse.
☒ Prior criminal history.
☐ History of violence or use of weapons.
☐ Prior violations of probation, parole, or supervised release.
☐ Prior failure to appear in court as ordered.
☐ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
☐ Participation in criminal activity while on probation, parole, or supervision.
☐ The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:
Regularity of recent criminal history, absence of individuals who could add context to criminal history, and lack of a residence plan.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: August 6, 2026

U.S. Magistrate Judge

O AO 94 (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

Eastern District of California

FILED
Aug 06, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

V.

JOSEPH ALFREDO VASQUEZ DUMARCE

## COMMITMENT TO ANOTHER DISTRICT

Case No. 2:26-mj-00116-CKD

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| Eastern District of California | 1:26-cr-0124 HSO-BWR | 2:26-mj-00116-CKD | |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

_x_ Indictment ____Information ____Complaint ____Other (specify)

**charging a violation of** 18 **U.S.C.** § 875(c)

**DISTRICT OF OFFENSE** **Southern District of Mississippi – Southern Division**

**DESCRIPTION OF CHARGES:**

Interstate Transmission of Threatening Communication

**CURRENT BOND STATUS:**

____Bail fixed at $______ and conditions were not met

____Government moved for detention and defendant detained after hearing in District of Arrest

_x_ Government moved for detention and defendant detained pending detention hearing in District of Offense

____Other (specify)

**Representation** ___ Retained Own Counsel ___Federal Defender Organization _x_CJA Attorney ___ None

**Interpreter Required?** _X_No ___Yes Language:________________

**DISTRICT OF** CALIFORNIA

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

August 6, 2026
Date

[signature]
United States Judge or Magistrate Judge

**RETURN**

**This commitment was received and executed as follows:**

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**OFFICE OF THE CLERK**
**501 "I" Street**
**Sacramento, CA 95814**

**August 7, 2026**

Southern District of Mississippi
2012 15th Street
Suite 814
Gulfport, MS 39501

**RE:** **USA vs. JOSEPH ALFREDO VASQUEZ DUMARCE**
**USDC No.:** **2:26–MJ–00116–CKD**

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated August 06, 2026 , transmitted herewith are the following documents:

**Electronic Documents: 1 to 7**

Documents maintained electronically by the district court are accessible through PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please acknowledge receipt on the extra copy of this letter and return to the Clerk's Office.

Thank you,

/s/ **V. Licea Chavez**
Deputy Clerk

DATE RECEIVED: ______________________

RECEIVED BY: ______________________
*(Print Name)*

NEW CASE NUMBER: ______________________